UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

HUSTON TYLER MCLEAREN,

     Defendant.

No. 5:24-CR-122-H-BV

## MEMORANDUM OPINION AND ORDER

Huston Tyler McLearen was charged with cyber stalking, in violation of 18 U.S.C. §§ 2261(b)(5); 2261A(2)(b). The government sought to detain McLearen pending trial, arguing that he posed a serious risk of flight and a danger to the community. Dkt. No. 7. Per a standing order of this Court, the issue of detention was referred to Magistrate Judge Amanda "Amy" R. Burch for resolution. N.D. Tex. Special Order No. 3-251. Judge Burch held a hearing on the government's motion to detain. Dkt. No. 16; *see* Dkt. No. 22 (transcript of detention hearing). After considering the evidence and the parties' arguments, Judge Burch concluded that the government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. Dkt. No. 19 at 2; 18 U.S.C. § 3142(f)(2)(B). Of particular note for Judge Burch was the strength of the evidence, as well McLearen's prior criminal history, his participation in criminal activity while on probation, parole, or supervision, and his history of violence or use of weapons. Dkt. No. 19 at 2; 18 U.S.C. § 3142(g).

McLearen seeks review Judge Burch's order. Dkt. No. 21; *see* 18 U.S.C. § 3145(b). If a magistrate judge orders a person to be detained, the person may move for revocation or

amendment of that order before the court having original jurisdiction.  18 U.S.C. § 3145(b).

The Court reviews the magistrate judge's determination de novo.  *United States v. Rueben*,

974 F.2d 580, 587 (5th Cir. 1992).  At issue is whether "any condition or combination of"

release conditions would "reasonably assure the appearance of such persons as required and

the safety of any other person and the community" in a case that involves "a serious risk

that such person will . . . threaten, injure, or intimidate, or attempt to threaten, injure, or

intimidate, a prospective witness or juror."  18 U.S.C. § 3142(f)(2)(B).

Evidence admitted at the detention hearing shows by clear and convincing evidence

that this case does present a serious risk of at least attempts by McLearen to threaten, injure,

or intimidate the alleged victim in this case.  The government presented threatening text

messages from McLearen to the alleged victim, which included statements such as, "I'm

taking you down with me this time, except I'm killing myself right after."  Dkt. No. 22 at 5;

GX 4 at 7.  He also told her, "I'm not going to stop until you either kill yourself or admit to

sleeping with other guys."  Dkt. No. 22 at 5; GX 4 at 1.  The same day that McLearen sent

those messages, he made over 39 calls to the alleged victim.  Dkt. No. 22 at 5.  McLearen

also told the alleged victim multiple times that she should commit suicide.  *See* GX 4 at 12.

In addition to contacting the alleged victim directly, McLearen has admitted to

creating fake social-media accounts and using them to post negative comments about the

alleged victim's work, to solicit men to contact her for "cheap and affordable pictures," and

to pretend to be her and solicit prostitution.  Dkt. No. 22 at 6–7; GX 4 at 15.  In a recorded

conversation, McLearen also admitted to sending explicit images of the alleged victim to her

brother and father.  GX 5 at 11:26–11:40; 23:55-24:35.  In another conversation, McLearen

said that he would shoot the alleged victim, that his father owns a "machine gun," and that

he had been contemplating purchasing items from the "dark web."  GX 6 at 2:00–5:30; 16:07–16:20.

McLearen's criminal history is also relevant to the Court's decision.  While on bond for a charge of making a terroristic threat, McLearen was arrested for assaulting a family member.  Dkt. Nos. 14-1 at 4; 22 at 15.  He was later convicted for the terroristic-threat charge.  Dkt. Nos. 14-1 at 4; 22 at 15.

The evidence in this case is strong.  The text messages, recorded conversations, and the defendant's admissions during interviews with authorities all show McLearen's repeated, threatening behavior toward the alleged victim.  His aforementioned history of criminal threats, while on bond, also supports the Court's conclusion.  The extent of his threatening behavior toward the alleged victim is such that conditions of release—including conditions that he may not contact the alleged victim or possess internet-capable devices— would not be sufficient to prevent him from attempting to threaten the alleged victim or others connected with this case.  McLearen's use of fictitious social-media accounts and contemplation of using the dark web show his willingness to go to great lengths to threaten the alleged victim in this case, and the sheer volume of communications leads this Court to find that McLearen would not abide by these conditions.  Further, the fact that the alleged victim in this case no longer lives near Lubbock, *see* Dkt. No. 22 at 25–26, does not meaningfully reduce the risk of danger that McLearen poses given that the alleged harassment occurred virtually, *see generally* GX 1–4.

McLearen asserts in his motion to review and overrule the magistrate judge's order that he has strong ties to the community and is not a flight risk.  Dkt. No. 21 at 2.  Even accepting as true that he is not a flight risk, the fact that he poses a danger to another person,

namely the alleged victim, and with it the "serious risk that [McLearen] will . . . threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness" is sufficient to conclude that the detention order was appropriate.  *See* 18 U.S.C. § 3142(f). The Court therefore need not and does not address McLearen's risk of flight.  *See Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.").

After conducting a de novo review of the government's exhibits, the relevant law, the detention–hearing transcript, and the parties' arguments, the Court concludes that the government has proven by clear and convincing evidence that no condition or combination of conditions of supervision would reasonably assure the safety of the alleged victim in this case and that there is a serious risk that McLearen will attempt to threaten, injure, or intimidate the alleged victim and others.  The order of the magistrate judge is therefore affirmed.

So ordered on December 30, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 4 –